1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HUGO VILLASENOR,

11          Plaintiff,              Case No. 2:09-cv-03182-JAM-KJN PS

12      vs.

13   FAIRFIELD POLICE DEPARTMENT,
     CITY OF FAIRFIELD, and DOES 1 to
14   100, inclusive,

15          Defendants.             <u>ORDER</u>

16   _____/

17          On February 1, 2011, defendant City of Fairfield[1] filed a motion (the "Motion")

18   entitled "Motion To Dismiss, Or, In The Alternative, Motion To Compel Disclosures And

19   Discovery Responses And An Appearance At Deposition; And Request For Sanctions."

20   (Motion, Dkt. Nos. 36, 38.)  The Motion seeks to dismiss plaintiff's complaint pursuant to

21   Federal Rule of Civil Procedure 41(b) for failure to prosecute, or, in the alternative, to compel

22   plaintiff's discovery responses, disclosures, and appearance at deposition pursuant to Federal

23   ////

24   _____

25         [1] Defendant City of Fairfield has indicated that it was incorrectly sued as Fairfield Police
     Department.  Defendant City of Fairfield has filed the pending Motion and is hereinafter referred
26   to as the moving "defendant."

                                    1

Rule of Civil Procedure 37 and Eastern District Local Rule 251(e).[2] (Motion, Dkt. No. 36.)

Defendant noticed its motion for a hearing to take place before the undersigned on March 17, 2011.  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen days prior to the hearing date, or March 3, 2011.  See E. Dist. Local Rule 230(c).[3]  The court's docket reveals that plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to the Motion.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal

---

[2]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[3]  Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed, and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[4]

See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

*sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th

Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets

and may impose sanctions including dismissal).

       The hearing on the pending motion will be continued to give plaintiff one final

opportunity to file an opposition to defendant's pending motion.  It is apparent from defendant's

moving papers that defendant is concerned about the impact that delaying this pending motion

will have on the upcoming discovery cutoff and other deadlines stated in the Status (Pretrial

Scheduling) Order signed by District Judge John. A. Mendez.  (Scheduling Order, Dkt. No. 34.)

However, the undersigned also notes that notwithstanding these concerns, defendant was willing

to set this Motion for a hearing on March 17, 2011, just eight days before the current discovery

cutoff of March 25, 2011.  (Scheduling Order at 3.)  Nonetheless, the undersigned recognizes

that, to the extent plaintiff files an opposition to defendant's motion and to the extent defendant's

motion is not granted, it may be necessary to hold an additional status conference to review the

---

[4]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

deadlines in this case.[5]

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      The hearing on defendant's motion to dismiss plaintiff's complaint (Dkt. No. 36), which is presently set for March 17, 2011, is continued to April 14, 2011;

2.      Plaintiff shall file a written opposition to the motion to dismiss, or a statement of non-opposition thereto, on or before March 17, 2011.  Plaintiff's failure to file a written opposition by this date will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b);

3.      If plaintiff files an opposition, he shall also address why he should not be sanctioned for having previously failed to file a timely opposition to the motion; and

4.      Defendant may file a written reply to plaintiff's opposition, if any, on or before March 24, 2011.

IT IS SO ORDERED.

DATED:  March 8, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5]  Further, because this case was recently referred to the undersigned on January 26, 2011 (Dkt. No. 35) pursuant to Eastern District Local Rule 302(c)(21), ultimately a new Status (Pretrial Scheduling) Order may need to issue.