IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUGO VILLASENOR,                          Case No. 2:09-cv-03182-JAM-KJN PS

        Plaintiff,

   vs.

FAIRFIELD POLICE DEPARTMENT,
CITY OF FAIRFIELD, and DOES 1 to
100, inclusive,

        Defendants.          ORDER and AMENDED FINDINGS &
                                RECOMMENDATIONS
_____/

        On March 31, 2011, the undersigned entered Findings and Recommendations
(Dkt. No. 41) recommending that plaintiff Hugo Villasenor's action be dismissed as to all
defendants pursuant to Federal Rule of Civil Procedure 41(b).  The district judge has not yet
ruled upon those pending Findings and Recommendations.

        Since March 31, 2011, however, plaintiff and an individual purporting to be his
brother have attempted to contact the court on three separate occasions.  For the reasons
discussed below, none of those contacts took the form of valid court filings, none of those
contacts are sufficient to serve as an objection to the pending Findings and Recommendations,
and none of those contacts are sufficient to serve as a late-filed opposition to the motion that

1

1   prompted entry of the pending Findings and Recommendations in the first place.

2      Nonetheless, despite plaintiff's repeated failures to comply with the court's prior

3   orders and the applicable rules, the undersigned orders that the pending Findings and

4   Recommendations (Dkt. No. 41) be vacated.  While the undersigned vacates the previous

5   Findings and Recommendations, however, the undersigned nonetheless herein again

6   recommends dismissal of plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for

7   the reasons stated below.  Thus, the undersigned's order is intended to ensure that plaintiff

8   receives sufficient notice that the Clerk of the Court returned to plaintiff his apparent attempt to

9   file a letter written entirely in Spanish, and provide plaintiff with time to prepare proper written

10  objections, if any, to these Amended Findings and Recommendations, and that any such filing

11  must comply with formatting requirements.

12  I.  BACKGROUND

13     On February 1, 2011, defendant City of Fairfield[1] filed a motion entitled "Motion

14  To Dismiss, Or, In The Alternative, Motion To Compel Disclosures And Discovery Responses

15  And An Appearance At Deposition; And Request For Sanctions" (the "Motion").  (Motion, Dkt.

16  Nos. 36, 38.)  The Motion sought to dismiss plaintiff's complaint pursuant to Federal Rule of

17  Civil Procedure 41(b) for failure to prosecute, or, in the alternative, to compel plaintiff's

18  discovery responses, disclosures, and appearance at deposition pursuant to Federal Rule of Civil

19  Procedure 37 and Eastern District Local Rule 251(e).[2] (Motion, Dkt. No. 36.) Plaintiff has filed

20  no written opposition, statement of non-opposition, or other response to the pending motion

21  despite being given multiple opportunities to do so and despite clear warnings from the court that

22  such failure would lead to the involuntary dismissal of his lawsuit.  For the reasons that follow,

23

24    [1] Defendant City of Fairfield has indicated that it was incorrectly sued as Fairfield Police
Department.  Defendant City of Fairfield has filed the pending Motion and is hereinafter referred to
as the moving "defendant."

25

26    [2] This action proceeds before the undersigned pursuant to Eastern District of California
Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    the undersigned recommends that plaintiff's action be dismissed with prejudice pursuant to

2    Federal Rule of Civil Procedure 41(b).

3            Defendant noticed its Motion for a hearing to take place before the undersigned on

4    March 17, 2011.  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a

5    written opposition or statement of non-opposition to the pending motion at least fourteen days

6    prior to the hearing date, or by March 3, 2011.  See E.D. Local Rule 230(c).[3]  Plaintiff filed

7    neither a written opposition nor a statement of non-opposition by that date.

8            On March 8, 2011, and in response to plaintiff's failure to file a response to the

9    Motion, the undersigned entered an order (the "Order") that: (1) continued the hearing on the

10   Moving Defendants' motion to dismiss until April 14, 2011, to give plaintiff one more

11   opportunity to file an opposition to defendant's pending motion; and (2) required plaintiff to file

12   a written opposition or statement of non-opposition to the pending motion to dismiss on or

13   before March 17, 2011.  (Order, March 8, 2011, Dkt. No. 39.)  The Order also expressly stated

14   that plaintiff's failure to file a written opposition by that date would be deemed a statement of

15   non-opposition to the pending motion, consent to the granting of the motion to dismiss, and

16   would constitute an additional ground for the imposition of appropriate sanctions, including a

17   recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil

18   Procedure 41(b).  (Id. at 4.)

19           That Order also stated, in part:

20           Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a

---

21      [3]  Eastern District Local Rule 230(c) provides:

22           **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of
23           the motion shall be in writing and shall be filed and served not less than
             fourteen (14) days preceding the noticed (or continued) hearing date.  A
24           responding party who has no opposition to the granting of the motion shall
             serve and file a statement to that effect, specifically designating the motion
25           in question.  No party will be entitled to be heard in opposition to a motion
             at oral arguments if opposition to the motion has not been timely filed by that
26           party. . . .

party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

(Id. at 2-3 (emphasis in original, footnote omitted).)[4]

Later in that Order, the court again warned plaintiff that: "Plaintiff's failure to file a written opposition by this date will be deemed a statement of non-opposition to the pending

---

[4] The order also included the following footnote, which is omitted in the above-quoted text: "The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010)."  (Order, at 3 n.4.)

4

1    motion and consent to the granting of the motion to dismiss, and shall constitute an additional

2    ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's

3    case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 4.)

4    Thus, the court gave plaintiff very clear warnings that his case would be dismissed for failure to

5    prosecute his action, as well as his failure to comply with the Federal Rules of Civil Procedure,

6    the court's orders, or the court's Local Rules.

7         The court's docket reveals that plaintiff again failed to file a written opposition or

8    statement of non-opposition to the Motion despite the extended March 17, 2011, deadline set in

9    the Order.  Despite the clear directions within the Order, plaintiff filed no written opposition, no

10   statement of non-opposition, nor any other document.  Plaintiff's repeated failure to file an

11   opposition to the Motion is grounds for dismissal of his suit.

12   II.   DISCUSSION

13        Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

14   action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

15   failure to comply with the court's local rules, or failure to comply with the court's orders.[5]  See,

16   e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

17   *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

18   Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

19   pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

20   or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

21   1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

22   may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza,

23   291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

24

25        [5]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
     prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
26   or any claim against it."  Fed. R. Civ. P. 41(b).

5

1  prosecute when habeas petitioner failed to file a first amended petition).  This court's Local

2  Rules are in accord.  See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with

3  these Rules or with any order of the Court may be grounds for imposition by the Court of any and

4  all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D.

5  Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of

6  Civil Procedure, the court's Local Rules, and other applicable law may support, among other

7  things, dismissal of that party's action).

8          A court must weigh five factors in determining whether to dismiss a case for

9  failure to prosecute, failure to comply with a court order, or failure to comply with a district

10  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

11          (1) the public's interest in expeditious resolution of litigation;
            (2) the court's need to manage its docket; (3) the risk of prejudice
12          to the defendants; (4) the public policy favoring disposition of
            cases on their merits; and (5) the availability of less drastic
13          alternatives.

14  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

15  Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

16  conditions precedent before the judge can do anything, but a way for a district judge to think

17  about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

18  (9th Cir. 2006).

19          Although involuntary dismissal can be a harsh remedy, the five relevant factors

20  weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this

21  action.  Plaintiff's failure to file an opposition or statement of non-opposition to the Motion in

22  the first instance, and his failure to do so a second time despite clear warnings of the

23  consequences for such failures strongly suggests that plaintiff has abandoned this action or is not

24  interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990

25  (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors

26  dismissal.").  Moreover, although plaintiff had notice of the continued hearing date and his

potentially final opportunity to file a response to the Motion on or before March 17, 2011, plaintiff took no action. Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant as a result of plaintiff's failure to timely oppose its motion to dismiss, should be given some weight. See Ferdik, 963 F.2d at 1262. A motion to dismiss is an aid to simplifying the issues and dismissing improper claims or parties before discovery ensues. Plaintiff's failure to oppose the Motion after being given two opportunities to do so, and his failure to communicate with the court or explain his non-participation in this litigation, raises the real possibility that the defendants in this action may be forced to unnecessarily engage in further litigation against claims that plaintiff does not appear to value enough to pursue in a serious manner. Indeed, the moving defendant has been diligently pursuing its motion to dismiss, and plaintiff stalled this matter and prevented the efficient resolution of his lawsuit. Moreover, unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."). The court excused plaintiff's initial failure to oppose the Motion, granted plaintiff substantial additional time to file an opposition or statement of non-opposition, and continued the hearing on the motion to dismiss. Moreover, the court advised plaintiff of the requirement of opposing a motion to dismiss and informed him of the requirements of the Local Rules. Furthermore, the court

7

1    advised plaintiff that he was required to comply with the court's Local Rules and the Federal

2    Rules of Civil Procedure even though he is proceeding without counsel.  It also warned plaintiff

3    in clear terms that failure to comply with the court's orders would result in a recommendation of

4    dismissal.  Warning a plaintiff that failure to take steps towards resolution of his or her action on

5    the merits will result in dismissal satisfies the requirement that the court consider the alternatives.

6    See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning

7    to a party that his failure to obey the court's order will result in dismissal can satisfy the

8    'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this

9    juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.

10         The court also recognizes the importance of giving due weight to the fourth factor,

11   which addresses the public policy favoring disposition of cases on the merits.  However, for the

12   reasons set forth above, factors one, two, three, and five strongly support a recommendation for

13   dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

14   proper "where at least four factors support dismissal or where at least three factors 'strongly'

15   support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

16   and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

17   outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

18   963 F.2d at 1263.

19   III.         Recent Contacts With The Court

20         Three contacts have recently been made with the court allegedly on plaintiff's

21   behalf:  two telephone calls and a letter written entirely in Spanish.  None of those contacts took

22   the form of actual filings, however, and to date plaintiff has not filed any properly-formatted

23   writings in connection with the pending Motion or Findings and Recommendations.  Because

24   they may bear on the reasonableness of: (1) plaintiff's failure to file an opposition to the Motion;

25   and (2) plaintiff's failure to file objections to the previous Findings and Recommendations,

26   however, the undersigned will describe these recent contacts here.

1                  1.      The Telephone Calls

2              On March 30, 2011, a member of the undersigned's staff received a telephone call

3    from an individual purporting to be plaintiff's brother.  The staff member was told that plaintiff

4    was in jail, would be incarcerated for four months, and would not be available for any court

5    appearances.  The staff member informed the speaker that plaintiff must update his address of

6    record with the court to ensure his receipt of relevant filings.  Despite this conversation, to date

7    no new address of record has been filed.

8              On April 12, 2011, a member of the undersigned's staff received another

9    telephone call from an individual purporting to be plaintiff's brother.  The speaker asked the staff

10   member whether the continued April 14, 2011 hearing regarding defendant's Motion was still set

11   to occur.  The staff member explained that the continued hearing had been vacated due to

12   plaintiff's repeated failure to file an opposition to the pending Motion.  The staff member was

13   told that plaintiff was in jail and had not seen the Findings and Recommendations issued on

14   March 31, 2011 (Dkt. No. 41.)  The staff member explained that it was plaintiff's duty to notify

15   the court of his updated address immediately, that plaintiff was currently under an obligation to

16   object to the pending Findings and Recommendations (Dkt. No. 41), and that his time to make

17   objections was nearly over.  The staff member was told that the address of record was plaintiff's

18   mother's house and that he would contact plaintiff.  Despite this conversation, to date no

19   objections to the pending Findings and Recommendations (Dkt. No. 41) have been filed.  To

20   date, no new address of record for plaintiff has been filed.

21                  2.      The Letter in Spanish

22             On March 31, 2011, plaintiff apparently mailed the court a letter written entirely

23   in Spanish.  The Clerk of the Court returned as un-filed this document and, with a, enclosed form

24   Clerk's Notice explaining that "[a]ll documents submitted for filing must be written in English.

25   Documents submitted in a language other than English cannot be translated."  The Clerk of the

26   Court mailed the original letter and the Clerk's Notice back to the return address plaintiff had

9

1   provided on the envelope containing the letter:

2

> Hugo Villasenor Rivera
> #31278308
> 1250 E. Arica Road
> Eloy, AZ 85131

On April 20, 2011, the Clerk of the Court received a notification that plaintiff was no longer at the Arizona address.  At that time, the Clerk of the Court also noticed that by an oversight, the Clerk of the Court had not mailed the Clerk's Notice and the documents to plaintiff's address of record:

> Hugo Villasenor
> 1774 San Jose Court
> Fairfield, CA 94533

Remedying this error, on April 20, 2011, the Clerk of the Court forwarded the Clerk's Notice and the documents to plaintiff's address of record in Fairfield, California.  (Dkt. No. 42.)[6]

Given the foregoing, it seems plaintiff may not be aware that his attempt to file a letter in Spanish dated March 31, 2011, has been returned un-filed and suffices neither as an opposition to the Motion nor an objection to the pending Findings and Recommendations.  Given this delayed notice, fairness demands that plaintiff be given additional time to attempt to file a proper written filing.  Accordingly, the undersigned orders that the pending Findings and Recommendations (Dkt. No. 41) be vacated.

////

---

   [6]  The undersigned notes that plaintiff has previously represented to defendants (E.g., Dkt. No. 28-1 at 2) that plaintiff may be served at a third address, in Mexico:

> Hugo Villasenor
> Calles MZ 19
> Lotes #51 Col. Emiliano Zapata
> Ecatepec Edo Mexico CP 55200

Plaintiff never formally provided this Mexico address as his address of record. Nonetheless, the undersigned will order that these Order and Amended Findings and Recommendations be served upon this Mexico address in an abundance of caution.

1  IV.          Conclusion

2          While the undersigned vacates the pending Findings and Recommendations (Dkt.

3  No. 41) in order to provide plaintiff additional time to file a proper written objection prior to any

4  dismissal of his case, the undersigned nonetheless again hereby recommends that plaintiff's

5  action be dismissed for the same reasons stated in his prior Findings and Recommendations (Dkt.

6  No. 41).  Two telephone calls from an individual purporting to be plaintiff's brother do not fulfill

7  plaintiff's obligation to file timely written oppositions and objections where the court has ordered

8  their filing and where the Eastern District Local Rules and Federal Rules of Civil Procedure

9  require it.  Likewise, a letter written entirely in Spanish that fails to comply with applicable

10 formatting requirements for filings is equally deficient and does not fulfill plaintiff's obligation

11 to file timely written oppositions.

12         Plaintiff seeks to do less than the bare minimum with respect to prosecuting his

13 case and complying with court orders and rules.  In fact, plaintiff's practice of filing nothing for

14 weeks, despite receiving extensions—then hoping a short letter will salvage plaintiff's action—

15 has happened before in this case.  (Dkt. Nos. 31-33.)[7]  Plaintiff has apparently made a habit of

16 being unresponsive until the eleventh hour, when dismissal of his case hangs in the balance.  At

17 this posture, plaintiff's continued unresponsiveness is a burden upon the court.  With trial set for

18 August 22, 2011, (Dkt. No. 34 at 6) plaintiff's failure to prosecute his case and comply with court

19 orders, plaintiff's behavior is also prejudicial to defendants, whose discovery requests remain

20 unanswered (as described in their Motion) and whose motions go unopposed.

21         In sum, even if plaintiff has not yet received notice that the Clerk of Court rejected

22 his improperly-formatted letter filing, this delayed notice is remedied by the undersigned's

23

24         [7]  A review of the court's docket reveals that United States District Judge John A. Mendez
   ordered plaintiff to show cause why his action should not be dismissed for lack of prosecution (Dkt.
25 No. 31), and plaintiff responded by filing a one-paragraph letter (in English) suggesting plaintiff's
   intent to continue his action.  (Dkt. No. 32.)  The letter was sufficient to discharge the order to show
26 cause.  (Dkt. No. 33.)

1   vacating the pending Findings and Recommendations (Dkt. No. 41) and giving plaintiff

2   additional time to file objections, if any, to these Amended Findings and Recommendations.

3   This delay does not change the fact that plaintiff has repeatedly violated court orders and court

4   rules despite being explicitly advised of his obligations thereunder.

5            In light of the foregoing, IT IS HEREBY ORDERED that:

6       1.      The pending Findings and Recommendations (Dkt. No. 41) are vacated;

7       2.      Although plaintiff has not filed any documents informing the court of a

8               change in his address for service, in an abundance of caution, the Clerk of

9               the Court serve this Order and Amended Findings and Recommendations

10              on plaintiff at all of the following addresses:

11              (a)      *The address of record:*

12                       Hugo Villasenor
                         1774 San Jose Court
13                       Fairfield, CA 94533

14              (b)      *The address plaintiff previously provided to defense counsel:*

15                       Hugo Villasenor
                         Calles MZ 19
16                       Lotes #51 Col. Emiliano Zapata
                         Ecatepec Edo Mexico CP 55200

17

                (c)      *The address listed as the return address on the envelope*
18                       *containing plaintiff's letter in Spanish:*

19                       Hugo Villasenor Rivera
                         #31278308
20                       1250 E. Arica Road
                         Eloy, AZ 85131

21

22           It is FURTHER RECOMMENDED that:

23      1.      Plaintiff's case be dismissed with prejudice as to all defendants pursuant to

24   Rule 41(b) of the Federal Rules of Civil Procedure; and

25      2.      The Clerk of Court close this case and vacate all future dates in this case.

26   ////

                                        12

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E.D. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E.D. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED:  April 26, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE